UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  DENISE MICHELLE COSTEA,    :    Chapter 13
: 
                     Debtor.    :    Bky. No. 17-15254 ELF
:

# M E M O R A N D U M

### I.

On September 7, 2017, this court entered an order dismissing the above chapter 13 bankruptcy case. The docket reflects that the Clerk served notice of the dismissal of the case on the Debtor by first class mail on September 9, 2017.

Debtor Denise Michelle Costea filed a notice of appeal of the dismissal order on October 24, 2017.[1]

Pursuant to Local Bankruptcy Rule 8003-1, I have prepared this Memorandum to explain the reasons for the dismissal of the case.[2]

---

[1] I observe at the outset that the notice of appeal is not timely. See Fed. R. Bankr. P. 8002(a) (subject to certain exceptions that are not applicable here, a notice of appeal must be filed within 14 days of the entry of the order being appealed). See also In re Caterbone, 640 F.3d 108, 113 (3d Cir. 2011) (district court lacks jurisdiction over untimely appeal from the bankruptcy court).

In addition, the Debtor has neither paid the filing fee that must accompany a notice of appeal nor requested a waiver of the fee.

[2] Local Rule 8003-1 provides:

> The bankruptcy judge whose order is the subject of an appeal may, within 30 days of the docketing of the notice of appeal, file a written opinion in support of the order or a written supplemental opinion that amplifies any earlier written opinion or recorded oral bench ruling or opinion.

## II.

The Debtor filed a chapter 13 petition in this court on August 1, 2017. The petition was not accompanied by the schedules and statements required by 11 U.S.C. §521(a) and Fed. R. Bankr. P. 1007. In the petition, the Debtor represented that she had completed an approved credit counseling briefing, as required by 11 U.S.C. §109(h), but did not yet have a copy of the Certificate of Credit Counseling for filing.

Following the filing of the bankruptcy petition, pursuant to Fed. R. Bankr. P. 1007(b), the Debtor had an automatic fourteen (14) day extension of time to file the required documents, i.e., until August 15, 2017. On August 1, 2017, the court entered an order providing that the case may be dismissed without further notice if the required documents were not filed by August 15, 2017. (Doc. # 5).

On August 15, 2017, the Debtor filed a Motion for Extension of Time to file the missing documents. She requested an additional twenty-one (21) days, i.e., until September 5, 2017. (Doc. # 11). The court granted the Motion, but limited the extension of time to Monday, September 4, 2017.

On Thursday, September 7, 2017, at 12:01 p.m., the court entered an order dismissing the case for failure to file the Debtor's bankruptcy schedules, chapter 13 plan and other statements, including the Certificate of Credit Counseling required by 11 U.S.C. §109(h) and Fed. R. Bankr. P. 1007(b)(3)(C).

Later that day, starting at 3:11 p.m., the Clerk docketed a number of documents filed by the Debtor: Schedules, A/B-J, Statement of Financial Affairs and certain documents colloquially referred to as the "means test forms," Official Forms 122C-1 and 122C-2.

The Debtor's tardy, post-dismissal filings did not include a credit counseling completion certification or a chapter 13 plan.

After the Debtor's filings were docketed on September 7, 2017, just a few hours after the entry of the dismissal order the Clerk brought the filing to my attention to consider whether I might wish to vacate the dismissal order <u>sua sponte</u>.  I considered doing so, in light of the possibility that the documents were delivered to the Clerk before the entry of the dismissal order and the potential that there was some delay in the docketing.[3]  In the end, I chose not to take any further action and to leave the dismissal order in place.

### III.

The dismissal of the case was proper for a simple reason.  Even considering the documents filed by the Debtor on September 7, 2017, the Debtor failed to comply with the rules of court.  She failed to file timely all of the required documents – specifically, the credit counseling completion certificate and a chapter 13 plan.  <u>See</u>  Fed. R. Bankr. P. 1007(b)(3)(C),

---

[3]  I have no information to suggest that there was such a delay.  It is equally possible that the Debtor delivered the documents for filing after the entry of the dismissal order.

3015(b).  Dismissal of the case was proper under the court's order of August 1, 2017 and 11 U.S.C. §1307(c)(1).

Date:  **November 2, 2017**

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**

cc:   Denise Michelle Costea
      451 N. Sterling Road
      Elkins Park, PA 19027